UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CRIMINAL ACTION NO. 1:04-99-DLB
(Judge Bunning for Judge Dlott)

UNITED STATES OF AMERICA                                              PLAINTIFF

VS.                    **MEMORANDUM OPINION AND ORDER**

WENDELL ROSS                                                          DEFENDANT

\*\*\*   \*\*\*   \*\*\*   \*\*\*

### Introduction

This matter is currently before the Court upon Defendant's Motion in Limine wherein he seeks an Order permitting his state court defense counsel, Edward Felson, to be permitted to testify at trial. (Doc. # 64). More specifically, Defendant argues that Mr. Felson should be allowed to testify in order to explain that Defendant's July 1, 2004 state court plea was for reasons other than his actual guilt. *Id.* The government having filed its response in opposition to the motion (Doc. # 65), the matter is now ripe for the Court's review. For the reasons that follow, the motion in limine is **denied**.

### Analysis

As reflected in the Court's Prior Memorandum Opinion and Order (Doc. # 62), the Court has ruled that the government will be permitted, during its case-in-chief, to present evidence of Defendant's July 1, 2004 guilty plea in Ohio state court to attempted improper handling of a firearm and possession of marijuana.

1

By way of the current motion in limine, Defendant seeks to explain that although he may have entered a plea of guilty, he did so only because his attorney wanted "to create a double jeopardy issue in state court by entering pleas to the misdemeanor charges in order to have jeopardy attach with respect to the pending felony charges." (Doc. # 64 at p. 2). According to Defendant, Felson will explain that Defendant's state court plea was "for reasons other than his guilt." Defendant argues that if Mr. Felson is not permitted to explain why he advised Defendant to plead guilty to the state misdemeanor charges, he will be faced with a proverbial "Hobson's choice" in that he will be forced to choose between exercising one constitutional right at the expense of the other.

As noted by the government in its response, the Court has previously examined the DVD of the state court proceedings before Judge Guckenberger and has concluded that Defendant's guilty plea in state court was knowing and voluntary and Defendant was fully aware of the direct consequences of the plea. Defendant's attempts to undermine the validity of that guilty plea by way of the testimony of Mr. Felson at trial will not be condoned.

Defendant's reliance on *North Carolina v. Alford* is misplaced. In this case, there is no dispute that Defendant entered guilty pleas to the attempted firearm and weed ticket charges. Although the record reflects that Defendant attempted to enter a "no contest" plea to both charges, that attempt was rebuffed by the state prosecutor who insisted on a guilty plea in exchange for an agreement to amend the charges to an attempt. Thus, there was neither a no contest nor an Alford plea. Moreover, there was never any effort by Defendant during the state court proceeding to contest his factual guilt. Nor were there any protestations of Defendant's innocence. Defendant's attempts to do so now by way of Mr. Felson's proposed trial testimony are unavailing.

2

Defendant also argues that if he is prohibited from calling Mr. Felson as a witness to explain why he entered his state court guilty plea, his Sixth Amendment right to present witnesses in his defense will be violated. In support of his argument, Defendant relies upon *Chambers v. Mississippi*, 410 U.S. 284 (1973).

Defendant's argument arises under the Compulsory Process Clause of the Sixth Amendment, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have compulsory process for obtaining witnesses in his favor." U.S. CONST. amend. VI. Courts have interpreted the clause to require that a criminal defendant have "the right to present witnesses and evidence in his defense." *United States v. Hamilton*, 128 F.3d 996, 1000 (6th Cir. 1997) (citing *Washington v. Texas*, 388 U.S. 14, 19 (1967)); see also *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987) ("Our cases establish, at a minimum, that criminal defendants have ... the right to put before a jury evidence that might influence the determination of guilt." (footnote omitted)). As explained by the Supreme Court, "[f]ew rights are more fundamental than that of an accused to present witnesses in his own defense." *Taylor v. Illinois*, 484 U.S. 400, 408 (1988) (citing *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973)).

However, while a defendant's right to call witnesses is "fundamental, it is not absolute." *Hamilton*, 128 F.3d at 1000 (citing *Taylor*, 484 U.S. at 410). For example, "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor*, 484 U.S. at 410. The Supreme Court summarized the extent and limitation of the right: "The Compulsory Process Clause provides [the criminal defendant] with an effective weapon,

3

but it is a weapon that cannot be used irresponsibly." *Id.; see also Chambers*, 410 U.S. at 302 ("In the exercise of [the right to present witnesses], the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.")

As pointed out by the government in its response, there are no similarities between the facts and the law in this case and the facts and the law in the *Chambers* case. *Chambers* involved the statement of a fact witness that may have exculpated the defendant in the murder of a police officer, for which he was tried. In this case, rather than exculpate Defendant, the proffered testimony of Mr. Felson would be used to explain why he recommended to Ross that he plead guilty.

Although Defendant's right to call witnesses in order to present a meaningful defense at trial is a fundamental constitutional right secured by the Sixth Amendment, the proffered testimony of Mr. Felson is inadmissible under the Federal Rules of Evidence. As stated by the Supreme Court in *Taylor*, a defendant does not have an unlimited right to offer testimony that is inadmissible under the rules evidence. *Taylor*, 484 U.S. at 410.

Although not cited by either party in their respective pleadings, the Court finds guidance in the Seventh Circuit's decision in *United States v. Dent*, 984 F.2d 1453 (7th Cir. 1993), *cert. denied*, 510 U.S. 858 (1993) *(abrogated on other grounds)*. In *Dent*, the defendant had moved to exclude his plea of guilty to a misdemeanor state claim for unlawful use of a weapon which arose out of the same incident giving rise to the federal prosecution. In the alternative, Dent moved to admit the portion of the state court transcript indicating the plea was against the advice of Dent's state court attorney. The district court

4

denied Dent's motion and granted the government's motion to bar testimony by Dent's lawyer.

On appeal, Dent argued that the district court erred in excluding testimony by Dent's lawyer in state court on the misdemeanor charge that Dent pled guilty against the advice of his lawyer and that Dent had told him that he did not know the gun was in the car. Dent specifically argued that his attorney's testimony was admissible under Rule 106 of the Federal Rules of Evidence or the common law rule of completeness, Rule 806, or Rule 803(24) of the Federal Rules of Evidence. By refusing to admit the testimony of his state court attorney, Dent argued he was forced to chose between testifying himself or allowing the guilty plea to go into evidence unimpeached.

The Seventh Circuit rejected Dent's arguments and found that the district court did not abuse its discretion in refusing to admit this evidence under the rule of completeness or any other rule of evidence. Because the proffered evidence was different than what he had told the judge during the guilty plea, the Court upheld the district court's decision to not permit the attorney to testify. *Id.* at 1460. Moreover, since the guilty plea was entered after a full discussion with the state court judge about the factual predicate for the crime, the Court found no error in concluding that the attorney cannot testify to Dent's statements, Dent's state of mind when he accepted the plea, or the attorney's reasons for opposing the plea.

The Seventh Circuit also rejected Dent's argument that the attorney's testimony should have been admitted to impeach his guilty plea. In so deciding, the Court found the evidence was hearsay rather than proper impeachment, and upheld the district court's decision to exclude it. *Id.* The Court also rejected Dent's argument that he was forced to

5

choose between his Fifth Amendment right not to incriminate himself and his Sixth Amendment right to compulsory process, stating:

> Dent's Fifth Amendment right not to incriminate himself was not unfairly burdened by the district court's refusal to admit testimony by his lawyer.

*Id.* at 1461.

The Sixth Circuit's unpublished opinion in *United States v. Gardner*, 887 F.2d 1088, 1989 WL 123238 (6th Cir. (Tenn.)), cited by both parties in their briefs, supports the Court's decision to exclude the testimony of Mr. Felson. In *Gardner*, the defendant sought to elicit from her defense counsel testimony about why she may have entered a guilty plea. The Court limited the scope of redirect examination to preclude testimony related to conversations the defendant had with her defense counsel concerning the reasons for her plea. The Sixth Circuit upheld the district court's decision to exclude the testimony, stating:

> Appellant was able to elicit from her counsel testimony that as a result of her guilty plea she was able to get out of jail and that Tennessee General Sessions Court warrant forms only gave the defendant the options of pleading guilty or not guilty. Given this testimony, we believe appellant was able to present her theory behind the guilty plea, which is that the plea was entered into for reasons other than her guilt. Therefore, because the rights of the appellant were not affected by this ruling, the district court did not abuse its discretion in restricting the scope of the redirect examination to exclude the hearsay testimony.

Slip. Op. at 6. Defendant seizes upon this portion of the opinion by arguing that without the testimony of Mr. Felson, he will be unable to present his theory behind the guilty plea. The Court disagrees.

Simply put, the conversations Defendant may have had with Mr. Felson prior to entering the state court guilty plea or Mr. Felson's reasoning behind recommending that

6

Defendant enter the guilty plea are hearsay and will be excluded.[1] As previously found in the Court's prior Memorandum Opinion and Order (Doc. # 62), the guilty plea was accepted after a full discussion about the factual predicate for the offenses and an acknowledgment by Defendant of the direct consequences of the plea. Any explanation by Mr. Felson does not change the fact that Defendant admitted committing the acts with which he was charged.

The testimony that Defendants seeks to elicit from Mr. Felson is inadmissible under the federal rules of evidence and falls within the exception to the Compulsory Process Clause set forth by the Supreme Court in *Taylor*. Additionally, although the Court is excluding Mr. Felson's testimony as hearsay, Defendant is not otherwise deprived of his ability to present his theory behind the guilty plea since he may certainly testify in his own defense. While Defendant characterizes this as an untenable choice, it is a choice defendants make in every criminal trial. As the Supreme Court has repeatedly recognized, "not every burden on the exercise of a constitutional right, and not every pressure or encouragement to waive such a right, is invalid." *Corbitt v. New Jersey*, 439 U.S. 212, 218 (1978).

### Conclusion

For the reasons stated herein, **IT IS ORDERED** that Defendant's Motion in Limine seeking an Order permitting Mr. Felson to be permitted to testify at trial (Doc. # 64) be, and is hereby **DENIED**.

---

[1] Upon reviewing the proffered testimony of Mr. Felson, the Court further finds that the circumstances of this case do not fall within the parameters of the residual exception to the hearsay rule, Federal Rule of Evidence 807.

This 14th day of February, 2006.



Signed By:
<u>David L. Bunning</u>
United States District Judge

G:\DATA\US.SDOH\Ross\Order Denying Defendant's motion in limine re Felson testimony.wpd