# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,       :       Case No. 1:04-cr-099
                                            Also Case No. 1:10-cv-656

                                            Chief Judge Susan J. Dlott
    -vs-                                 Magistrate Judge Michael R. Merz
                                            :

WENDELL ROSS,

       Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. §2255. Defendant pleads the following grounds for relief:

> **Ground One:** Defendant has received an illegal sentence of 10 years consecutive on count-three of the indictment in violation of Title 18 U.S.C. § 3553(a)(6) and his Fifth and Sixth Amendment rights for a § 924(c) Count.
>
> **Ground Two:** Ineffective assistance of counsel.

(Motion, Doc. No. 120.)

Defendant has further specified his claims of ineffective assistance of counsel as follows:

1. Failure to object to the ten year sentence on Count 3. (Memorandum in Support, Doc. No. 120-1, PageID 1118)

2. Failure to object to Defendant's classification as a career offender. *Id.* PageID 1120.

3. Failure to request a jury instruction on the lesser-included offense of simple possession of marijuana. *Id.* PageID 1122.

4. Failure to object to the prosecutor's argument in closing that Defendant was a liar. *Id.*

1

PageID 1124.

None of these claims were raised on direct appeal and the United States therefore asserts that they are procedurally defaulted by not being raised on appeal (Response, Doc. No. 124, PageID 1138). The procedural default defense is fully available on a § 2255 motion. *United States v. Frady*, 456 U.S. 152 (1982); *Kaufman v. United States*, 394 U.S. 217 (1969); *Ratliff v. United States*, 999 F.2d 1023 (6th Cir. 1993). However, Defendant asserts that any procedural default which occurred on these claims is excused by the ineffective assistance of his trial counsel and the ineffective assistance of his appellate counsel. It cannot be ineffective assistance of counsel to fail to raise a claim which has no merit and the Court will analyze the underlying merits of each of these claims to determine if it was ineffective assistance of trial counsel or ineffective assistance of appellate counsel to fail to raise it.

**Ground One**

Petitioner claims that his ten-year sentence on the 924(c) count is illegal. His first argument is that the Government did not charge or prove any of the enhancing factors under § 924 such as discharge or brandishing (Memorandum, Doc. No. 120-1, PageID 1116). While that is true, it is irrelevant. Those factors apply to increase the mandatory minimum sentence. They do not impact the maximum which is life imprisonment. *United States v. Sias*, 227 F.3d 244 (5th Cir. 2000).

Petitioner's second argument is that the ten-year sentence creates a sentencing disparity with others who have been sentenced for violations of § 924(c)(1), but all he does in support of this claim is to cite other cases in which defendants have in fact received the five-year mandatory minimum sentence. In any event, § 2255 is only available to correct constitutional and other fundamental violations of law, and not to allow a defendant to litigate whether his sentence is disparate under 18

U.S.C. § 3553(a)(6).

Because there is no merit in Defendant's first Ground for Relief, it was not ineffective assistance of trial counsel to fail to object to the ten-year sentence in the trial court and not ineffective assistance of appellate counsel to fail to raise this issue on appeal.  Therefore Defendant has not shown cause to excuse his failure to raise Ground One on direct appeal.  It is procedurally defaulted and, alternatively, without merit.

## Ground Two

## Sub-Claim One

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court

> must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).  *See generally* Annotation, 26 ALR Fed 218.

Mr. Ross' first sub-claim of ineffective assistance of counsel is without merit for the reasons given under Ground One, to wit, that the underlying claim is without merit and would not have been successful if raised.

**Sub-Claim Two**

In his second sub-claim of ineffective assistance of trial counsel, Mr. Ross asserts his trial attorney, Ravert Clark, was ineffective for failing to argue that he was not a career offender.  The record shows that Mr. Clark did file a Sentencing Memorandum which argued that Mr. Ross should not be classified as a career offender (Doc. No. 95, PageID 420-429).  A ten-page argument cannot with any propriety be called a "failure to argue."  And Mr. Clark amplified his argument at the time of sentencing as well (Sentencing Transcript, Doc. No. 106, PageID 500-503).  Petitioner's second sub-claim is simply contrary to fact: Mr. Clark did challenge the career offender classification.

4

**Sub-Claim Three**

In his third sub-claim Mr. Ross asserts his attorney should have requested a jury instruction on the lesser included offense of simple possession of marijuana, as opposed to the charged offense of possession with intent to distribute.

A defendant is entitled to a lesser-included offense instruction only when the evidence warrants it. *Beck v. Alabama*, 447 U.S. 625, 636, fn. 12 (1980); *Keeble v. United States*, 412 U.S. 205(1973); *State v. Kilby*, 50 Ohio St. 2d 21, 361 N.E. 2d 1336 (1977). "Due process requires that a lesser included offense instruction be given only when the evidence warrants such an instruction." *Palmer v. Bagley*, 2009 U.S. App. LEXIS 11695 *9 (6th Cir. May 29, 2009), quoting *Hopper v. Evans*, 456 U.S. 605, 611 (1982).

Here the evidence did not warrant a lesser-included instruction. Mr. Ross was arrested with marijuana separately packaged and concealed in various parts of his car. He was also arrested in possession of a set of drug-weighing scales, a firearm, and over $1,300 in cash. The defense focused on a claim, supported by testimony, that the firearm belonged to Mr. Ross' brother Anthony and was placed in the glove compartment of the car in which the arrest occurred very shortly before the arrest and without Wendell Ross' knowledge. To have diverted the focus of the jury's attention with the implausible claim that Mr. Ross only carried drug-weighing scales so that he could weigh how much he himself was going to smoke would have risked undermining the credibility of the defense altogether. It was therefore not defective performance to fail to argue that the marijuana in the car was for personal use only and to ask for an instruction to that effect.

**Sub-Claim Four**

In his fourth sub-claim of ineffective assistance of trial counsel, Defendant argues his trial lawyer was ineffective for failing to object to the prosecutor's argument that Defendant was a liar. Mr. Ross says the evidence against him was not overwhelming "where his brother admitted that he knowingly placed the same firearm inside defendant's automobile." (Memorandum, Doc. No. 120-1, PageID 1125). The difficulty with this argument is that it was contradicted completely by Defendant's own guilty plea in the Municipal Court, admitting the gun and marijuana were his[1]. It was this contradiction on which the prosecutor was commenting. Mr. Ross may be right that if the prosecutor had not pointed out the blatant contradiction, perhaps the jury would have believed his brother's testimony about where the firearm came from. But any prosecutor who failed to comment on the contradiction would have been providing the people of the United States, whom he represented, with ineffective representation.

On habeas corpus review, the standard to be applied to claims of prosecutorial misconduct is whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process, *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Darden v. Wainwright,* 477 U.S. 168 (1986); *Bates v. Bell*, 402 F.3d 635, 640-41 (6th Cir. 2005); *Kincade v. Sparkman*, 175 F.3d 444 (6th Cir. 1999) or whether it was "so egregious as to render the entire trial fundamentally unfair." *Cook v. Bordenkircher*, 602 F.2d 117 (6th Cir. 1979); accord *Summitt v. Bordenkircher*, 608 F.2d 247 (6th Cir. 1979), *aff'd sub nom, Watkins v. Sowders*, 449 U.S. 341 (1981); *Stumbo v. Seabold*, 704 F.2d 910 (6th Cir. 1983). The court must first decide whether the complained-of conduct was in fact improper. *Frazier v. Huffman*, 343 F.3d 780 (6th Cir. 2003), *citing United States*

---

[1] This was done pursuant to the double jeopardy theory of Mr. Ross' first lawyer who believed, mistakenly, that pleading to these charges in municipal court would create a double jeopardy bar to federal prosecution.

*v. Carter*, 236 F.3d 777, 783 (6th Cir. 2001). A four-factor test is then applicable to any conduct the Court finds inappropriate: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether the conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and whether the evidence against the defendant was strong." *Id.* The court must decide whether the prosecutor's statement likely had a bearing on the outcome of the trial in light of the strength of the competent proof of guilt. *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982). The court must examine the fairness of the trial, not the culpability of the prosecutor. *Serra v. Michigan Department of Corrections,* 4 F.3d 1348, 1355 (6th Cir. 1993)(quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982). In *Serra*, the Sixth Circuit identified factors to be weighed in considering prosecutorial misconduct:

> In every case, we consider the degree to which the remarks complained of have a tendency to mislead the jury and to prejudice the accused; whether they are isolated or extensive; whether they were deliberately or accidentally placed before the jury, and the strength of the competent proof to establish the guilt of the accused.

*Id.,* at 1355-56 (quoting *Angel*, 682 F.2d at 608). The misconduct must be so gross as probably to prejudice the defendant. *Prichett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 572 (1997); *United States v. Ashworth,* 836 F.2d 260, 267 (6th Cir. 1988). Claims of prosecutorial misconduct are reviewed deferentially on habeas review. *Thompkins v. Berghuis,* 547 F.3d 572 (6th Cir. 2008), citing *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004).

In *Cristini v. McKee*, 526 F.3d 888 (6th Cir. 2008), the Sixth Circuit applied this general law to find there was no impropriety in using the word "liar" to describe defense witnesses in a case when the record supported that characterization. The use of the word was far more extensive in the *Cristini* case than here. Here the use was isolated and correctly characterized the state of the evidence: Anthony Ross' trial testimony that the gun was his was completely contradicted by Wendell Ross' admission in open court (the Hamilton County Municipal Court) that the weapon was

7

his. There was no prosecutorial misconduct in the use of the word "liar." There was therefore no ineffective assistance of trial counsel in failing to object and no ineffective assistance of appellate counsel in failing to appeal on this score.

## Conclusion

Mr. Ross first Ground for Relief is procedurally defaulted and, alternatively, without merit. Mr. Ross' second Ground for Relief, ineffective assistance of trial counsel and/or ineffective assistance of appellate counsel, is also without merit. Therefore the § 2255 Motion should be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, Mr. Ross should be denied any requested certificate of appealability. The Court should likewise certify that any appeal would be objectively frivolous and should not proceed *in forma pauperis*.

December 8, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days

after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).