**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

RECEIVED
DEC 1 3 2010

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR-1-04-099 |
| | ) | SJD |
| vs. | ) | |
| | ) | |
| WENDELL ROSS | ) | |
| | ) | |

**SUPPLEMENTAL MOTION AND MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION UNDER 28 U.S.C. §2255**

## I. Mr. Ross is 'Actually Innocent' of Being a Career Offender because his Ohio escape conviction is not a countable predicate offense in light of Chambers.

In the instant case at bar, Mr. Ross was sentenced as a Career Offender under U.S.S.G. §4B1.1 at the time of sentencing because the Government had established that his Ohio conviction for "escape" had qualified as a crime of violence. Now, the Defendant Mr. Ross contends that he is **"actually innocent"** of being classified as a career offender because his prior conviction for 'failure to report an address change' did not qualify as an escape resulting in a crime of violence which could be used to give him career offender §4B1.1 status in light of **Chambers v. United States**, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009) and **United States v. Ford**, 560 F.3d 420, 425 (6th Cir. 2009) ("applying the "rule of lenity" to a previous conviction for a "walkaway" **escape** because it is not unambiguously a "crime of violence" and

therefore cannot serve as the basis for career offender status").

In **Chambers**, the United States Supreme Court held after Mr. Ross was sentenced as a career offender that "failure to report," although described in an illinois statute criminalizing **"escape,"** was a separate crime and did not amount to a "violent felony" under the Armed Career Criminal Act. See **United States v. Oaks**, 554 F.3d 1087, 1088 (6th Cir. 2008).

Thus, in light of **Chambers**, Mr. Ross avers that he is actually innocent of being designated as a §4B1.1 career offender because his Ohio escape conviction is not a countable predicate offense in light of current law.

In **United States v. Maybeck**, 23 F.3d 888, 892-94 (4th Cir. 1994), the United States Court of Appeal's for the Fourth Circuit held that the **"actual innocence"** exception may be applied in a 28 U.S.C. §2255 motion to noncapital sentencing proceedings and it further held that Maybeck was actually innocent of being a career offender because one of the predicate offenses necessary to qualify him for career offender status actually was not a crime of violence. Id. at 892-93.

## II. Under U.S.S.G. §2K2.1 Mr. Ross's Sentence Would Have Been Different Had His Escape Conviction Not Been Counted.

According to Appendix A of the Federal Sentencing Guidelines, a defendant convicted of a violation of 18 U.S.C. §922 (g) (1)

would be sentenced under United States Sentencing Guidelines Section **2K2.1**.

In this case, although Mr. Ross had sustained at least one prior felony conviction of either a crime of violence or a controlled substance offense, without being a career offender under §4B1.1 in light of Chambers to his escape conviction, his base offense level would be **24** pursuant to U.S.S.G. §2K2.1 (a) (2), and his Criminal History Category would be VI. This would place Mr. Ross in an advisory sentencing range of **100-125** months imprisonment which substantially lower than the previous 240 months imprisonment this Court had imposed counting his prior conviction for escape as a "crime of violence."

As the Supreme Court has now spoken, in light of **Chambers** Mr. Ross's escape conviction for failure to report is no longer valid. Therefore, petitioner requests that this Court vacate his sentence in count-one of the indictment and resentence him to an advisory range of **100-125** months imprisonment.

Respectfully submitted,
Mr. Wendell Ross
/s/Mr. Wendell Ross
Reg. No. 03974-061
FCI-Gilmer
P.O. Box 6000
Glenville, WV 26351

## CERTIFICATE OF SERVICE

Petitioner Wendell Ross hereby certifies that a true and correct copy of the foregoing **SUPPLEMENT MOTION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER 28 U.S.C. §2255** was duly served upon counsel for the government via the U.S. Mailbox here at FCI-Gilmer to be forwarded to:

Timothy D. Oakley
Assistant U.S. Attorney
221 East Fourth St, Ste. 400
Cincinnati, Ohio 45202

on this 10 day of December, 2010.

Wendell Ross
/s/Wendell Ross