# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,           :           Case No. 1:04-cr-099
                                            Also Case No. 1:10-cv-656

                                            Chief Judge Susan J. Dlott
       -vs-                            Magistrate Judge Michael R. Merz

                                     :

WENDELL ROSS,

       Defendant.

## DECISION AND ORDER ON DEFENDANT'S MOTION TO AMEND

This case is before the Court on Defendant's Motion to Amend and Supplement § 2255 Motion (Doc. No. 129). In his original Motion, filed September 22, 2010 (Doc. No. 120), Defendant pled two Grounds for Relief, to wit, that his ten-year consecutive sentence under 18 U.S.C. § 924(c) was illegal and that he received ineffective assistance of trial counsel. He now seeks to add a claim that he is "actually innocent" of being a career offender in that his prior Ohio conviction for escape does not qualify as a crime of violence under § 4B1.1 of the Sentencing Guidelines.

The Motion to Amend is denied on the basis that it is barred by the statute of limitations. 28 U.S.C. § 2255(f) creates a one-year limitations period which runs, with exceptions not applicable here, from the date on which the conviction becomes final. In this case, the conviction became final on October 5, 2009, when the United States Supreme Court denied certiorari.[1] Defendant's original § 2255 Motion was filed September 22, 2010, within one year from finality and thus was timely.

---

[1] No copy of the denial has been docketed in this case, but the United States conceded that date in its Answer (Doc. No. 124).

However, the instant Motion to Amend was filed only on December 16, 2010, after expiration of the statute.

Amendments to § 2255 motions made after expiration of the statute are timely only if they relate back to the original filing date under Fed. R. Civ. P. 15(d).  An amendment to a habeas corpus petition relates back under Fed. R. Civ. P. 15(c)(2) only if the "original and amended petitions state claims that are tied to a common core of operative facts ..."  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).  The common core of operative facts cannot be the trial or sentencing because such a reading would swallow up the statute of limitations in habeas cases.

Mr. Ross' proposed amendment does not share a common core of operative facts with his first two claims because it relates to the finding of the district court that he was properly classified as a career offender, rather than to his claims that his 10-year sentence under § 924(c) or to his claim of ineffective assistance of trial counsel.  Therefore the Motion to Amend is denied because the amendment would be futile: it would be subject to dismissal as barred by the statute of limitations.

On the merits of his proposed new claim, Defendant relies on *Chambers v. United States,* 555 U.S. 122 (2009).  In that case, the Supreme Court decided that escape under a particular section of the Illinois criminal code did not count as a violent felony for purposes of the Armed Career Criminal Act as codified as 18 U.S.C. § 924(e)(1).

In this case, the predicate offense was escape by virtue of failure to report to his parole officer, conduct which constituted escape under Ohio law at the time of Defendant's 1998 conviction.  As indicated in Defendant's Sentencing Memorandum (Doc. No. 95. PageID 423), the Sixth Circuit adopted a categorical approach to classification of escapes as violent felonies in *United States v. Harris*, 165 F. 3d 1062, 1068 (6th Cir. 1999), although indicating "there might be some cases in which some type of limited factual inquiry would be appropriate."  *Id.*  In *United States v. Ford*, 560 F.3d 420 (6th Cir. 2009), the court recognized that *Chambers, supra*, modified the

2

categorical approach to escapes adopted in *Harris*, thus applying *Chambers* in interpreting U.S.S.G. § 4B1.2(a). Thus it is possible that if Defendant had been sentenced after *Chambers*, he would not have been found to be covered by U.S.S.G. § 4B1.1.

There are, however, three reasons why *Chambers* and *Ford* are of no assistance to Defendant, even assuming the Court were to find his amendment was not barred by the statute of limitations. First of all, having made this argument at the time of sentencing, Defendant abandoned it on appeal and thus has procedurally defaulted it. *United States v. Frady*, 456 U.S. 152 (1982). Second, if anything, this is an error in guidelines calculation and a § 2255 motion is not an available mechanism to raise such a question. Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996). Finally, Defendant was sentenced in 2006 and *Chambers* and *Ford* were decided in 2009, but neither of these cases was determined by the deciding court to have retroactive effect.

Accordingly, Defendant's Motion to Amend is denied as (1) barred by the statute of limitations and (2) without merit.

December 17, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge