# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,              :         Case No. 1:04-cr-099
                                         Also Case No. 1:10-cv-656

                                         Chief Judge Susan J. Dlott
      -vs-                                Magistrate Judge Michael R. Merz

                                    :

WENDELL ROSS,

       Defendant.

---

### DECISION AND ORDER DENYING DEFENDANT'S SECOND MOTION TO AMEND AND SUPPLEMENT

---

This case is before the Court on Defendant's second Motion to Amend and Supplement § 2255 Motion (Doc. No. 132).

In his first Motion to Amend, Defendant sought to add a claim that he was "actually innocent" of being a career offender in that his prior Ohio conviction for escape does not qualify as a crime of violence under § 4B1.1 of the Sentencing Guidelines (Doc. No. 129).  The Magistrate Judge denied that Motion to Amend because it was barred by the one-year statute of limitations in 28 U.S.C. § 2255(f) and did not relate back to the original filing date under Fed. R. Civ. P. 15(c)(2) as that rule was interpreted by the Supreme Court in *Mayle v. Felix*, 545 U.S. 644, 664(2005).

Having failed to add this actual innocence of career offender status, Mr. Ross now seeks to add substantially the same claim by arguing his appellate counsel was ineffective for failing to "argue on appeal in light of *Chambers v. United States*, 555 U.S. 122 (2009), that he is "actually innocent" of being a career offender in that his prior Ohio conviction for escape did not qualify as a crime of violence under U.S.S.G. § 4B1.1."  (Motion, Doc. No. 132, PageID 1202).

The Magistrate Judge concludes this claim does not relate back to the original § 2255 Motion and therefore is untimely. Ground Two in the original Motion is ineffective assistance of counsel, specified as four claims of ineffective assistance of **trial** counsel. This new claim relates to ineffective assistance of **appellate** counsel. Ravert Clark who was the trial attorney was granted leave to withdraw from the case August 23, 2006 (Doc. No. 102) and the Court of Appeals appointed Robert L. Vogel as appellate counsel (Doc. No. 103). "An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). While the type of facts relied on here - argument about the career offender classification – are related to the original facts argued, the assertedly improper omission is at entirely different stage of the proceedings. In particular, different standards govern whether it is ineffective assistance of counsel to omit an argument in the trial court and to omit the same or a related argument in the court of appeals. The appellate attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Thus the proposed amendment is untimely.

Even if the amendment were timely, it is without merit and therefore futile. Mr. Ross' claim is that Mr. Vogel should have argued the *Chambers* case on appeal. The Notice of Appeal in this case was filed July 25, 2006 (Doc. No. 101) and the final judgment of the Sixth Circuit affirming the conviction and sentence was filed in this Court November 13, 2008 (Doc. No. 116). *Chambers* was not decided until January 13, 2009. Appellate counsel is not ineffective for failure to predict the development of the law. *Thompson v. Warden*, 598 F.3d 281 (6th Cir. 2010), citing *Lott v. Coyle,* 261 F.3d 594, 609 (6th Cir. 2001)(not ineffective assistance of appellate counsel to fail to anticipate

2

*State v. Foster* in an appellate district which had ruled the other way.) After Chambers was decided, the Sixth Circuit recognized in *United States v. Ford*, 560 F.3d 420 (6th Cir. 2009), that its prior categorical approach to state escape convictions *United States v. Harris*, 165 F. 3d 1062, 1068 (6th Cir. 1999), was no longer viable. But *Ford* was also decided well after this case was decided on appeal and appellate counsel was not ineffective for failure to anticipate the change in the law.

Accordingly, Defendant's second Motion to Amend and Supplement is denied.

January 4, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge
