# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

               :

        Plaintiff,                      Case No. 1:04-cr-099

               :          Chief Judge Susan J. Dlott
   -vs-                        Magistrate Judge Michael R. Merz

WENDELL ROSS,

               :

        Defendant.

---

# REPORT AND RECOMMENDATIONS

---

      This case is before the Court for initial review of Defendant Wendell Ross' second-in-time

Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 142).   Rule 4(b) of the Rules Governing §

2255 Cases provides:

> The judge who receives the motion must promptly examine it.   If it
> plainly appears from the motion, any attached exhibits, and the
> record of prior proceedings that the moving party is not entitled to
> relief, the judge must dismiss the motion and direct the clerk to
> notify the moving party.   If the motion is not dismissed, the judge
> must order the United States to file an answer, motion, or other
> response within a fixed time, or take other action the judge may
> order.

Chief Judge Dlott has referred the § 2255 Motion to the undersigned under 28 U.S.C. § 636(b).

      On September 22, 2010, Mr. Ross filed his first Motion to Vacate under § 2255 (Doc. No.

120).   That Motion was denied in an Order of Chief Judge Dlott on March 10, 2011 (Doc. No.

1

134).   On October 6, 2011, the Sixth Circuit denied Mr. Ross a certificate of appealability (Doc.

No. 141.)   The instant second Motion followed on July 23, 2012.

28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1)      newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2)      a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

If a 2255 motion is a second or successive motion and is filed without the required certificate, the

District Court lacks jurisdiction to consider it.   *Burton v. Stewart*, 549 U.S. 147 (2007).

However, the District Court must decide in the first instance whether a motion is second or

successive.   *In re:  Bobby T. Shepherd*, Case No. 12-3399 (6th Cir. May 25, 2012).

Ross asserts this Motion is not second or successive because it depends on a change in the

law, to wit, *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011)(en banc).   His argument is

that, under *Simmons*, the prior state conviction relied on in this case to classify him as a career

offender were not properly counted for that purpose.

For the proposition that a second-in-time § 2255 motion based on a change in the law does

not require prior Circuit certification, he relies on *In re Taylor*, 171 F.3d 185 (4th Cir. 1999).

Taylor stands for the proposition that when a federal prisoner files a successful § 2255 motion

which results in resentencing, his subsequent § 2255 motion attacking only the resentencing is not

subject to the limitations in §2255(h).   The Supreme Court has since adopted the same principle in

2

even broader fashion in *Magwood v. Patterson*, 561 U.S. ___, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010).

*Taylor* and *Magwood*, however, are of no assistance to Mr. Ross because his first § 2255 motion was decided against him on the merits. To put it another way, the instant § 2255 Motion attacks exactly the same judgment attacked in the prior motion, and the evident purpose of § 2255(h) was to prevent second attacks on the same judgment unless the Court of Appeals certified the second motion as required by the statute.

Because the instant § 2255 Motion is a "second" such motion within the meaning of 28 U.S.C. § 2255(h), this Court lacks jurisdiction to consider it without a certificate from the Court of Appeals. The Motion should therefore be dismissed without prejudice for lack of jurisdiction.

July 25, 2012.


s/ *Michael R. Merz*
United States Magistrate Judge


# NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).