# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

            Plaintiff,    :    Case No. 1:04-cr-99

                                            District Judge Susan J. Dlott
-  vs  -                                 Magistrate Judge Michael R. Merz

WENDELL ROSS,

            Defendant.    :

## ORDER CONTINUING STAY

      This case is before the Court on Defendant's Third Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 150).  On June 9, 2016, the Court granted Defendant's Motion to hold these proceedings in abeyance pending a decision by the Sixth Circuit on whether they could proceed (Notation Order granting ECF No. 151).  The Sixth Circuit has now granted that permission. *In re: Wendell Ross*, Case No. 16-3401 (6th Cir. Aug. 16, 2016)(unpublished, copy at ECF No. 153.

      The case is therefore before the Court for initial review of the § 2255 Motion under Rule 4 of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

1

> response within a fixed time, or take other action the judge may order.

**Procedural History**

Mr. Ross was indicted by the grand jury for this District as follows:

> **Count 1:** Possessing a firearm in interstate commerce having previously been convicted of (1) aggravated drug trafficking, (2) attempted escape, and (3) possession of cocaine, all on various dates in the Hamilton County Common Pleas Court in violation of 18 U.S.C. § 922(g)(1) and 924 (a)(2).
>
> **Count 2:** Possessing marijuana with intent to distribute; and
>
> **Count 3:** Carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1).

(Indictment, ECF No. 12, PageID 17-18.  The Indictment contained separate sentencing allegations that "[w] respect to Count [sic] 2 and 3 of the Indictment, at the time of the instant offense the defendant Wendell Ross was at least eighteen years old and did have at least two prior felony convictions of either a crime of violence or a controlled substance offense." *Id.* at PageID 18.  A trial jury found Ross guilty on all three counts (Verdict, ECF No. 80).  District Judge Bunning, sitting for Judge Dlott, referred the case to the Probation Department which prepared a Presentence Investigation Report ("PSR").  Judge Bunning sentenced Ross to 120 months imprisonment on each of Counts 1 and 2 and a consecutive 120 months on Count 3 (Judgment, ECF No. 99, PageID 474.)  The Sixth Circuit affirmed.  United States v. Ross, Case No. 06-4106 (6th Cir. Nov. 13, 2008)(unreported; copy at ECF No. 116).

Ross filed his first Motion to Vacate in 2010 (ECF No. 120).  That Motion was denied by Chief Judge Dlott on March 3, 2011 (ECF No. 134).  Ross appealed, but both this Court and the Sixth Circuit denied a certificate of appealability (ECF No. 141).

Ross filed his second Motion to Vacate on July23, 2012 (ECF No. 142).  On recommendation of the undersigned, Chief Judge Dlott dismissed the Motion for lack of jurisdiction because Ross had not obtained permission from the court of appeals (ECF No. 144, 145).  The instant Motion followed on June 2, 2016 (ECF No. 150).

## Analysis

Ross was sentenced as a career offender under the Sentencing Guidelines, but claims that he no longer qualifies for that classification because one of the predicate convictions – the one for attempted escape – no longer qualifies under the Guidelines (ECF No. 150, PageID 1263.

The PSR recommended finding Ross to be a career offender under U.S.S.G. § 4B1.1(a) on the bases of a prior conviction for aggravated trafficking and one for attempted escape.  (PSR ¶ 30).  Judge Bunning adopted the PSR with an exception which is not material here (ECF No. 100, PageID 479).

The basis for finding attempted escape to be a crime of violence is *United States v. Harris,* 165 F.3d 1062 (6th Cir. 1999), finding escape to be a crime of violence under U.S.S.G. § 4B1.2(1)(ii) [presently numbered 4B1.2(a)(2)] because "the crime of escape, by its nature, presents a serious potential risk of physical injury. . . ." *Id.* at 1068. In *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), the Sixth Circuit found this clause of the Guidelines to be unconstitutionally vague on the basis of the Supreme Court's ruling in *Johnson v. United States*,

3

576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), that the similarly-worded residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), was unconstitutionally vague.

Pawlak was decided on direct appeal. The United State Supreme Court has made its holding in Johnson retroactive to cases on collateral review. *Welch v. United States,* 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016). However, that has not yet happened with Guidelines cases on collateral review. In *Beckles v. United States*, 616 Fed. Appx. 415 (11th Cir. Sept. 29, 2015), the court held *Johnson* does not control cases in which a person is classified as a career offender under the Guidelines. The Supreme Court has granted *certiorari* in *Beckles* on the following issues: (1) Whether *Johnson v. United States* applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in United States Sentencing Guidelines (U.S.S.G.) § 4B1.2(a)(2) (defining "crime of violence"); (2) whether *Johnson's* constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after *Johnson*. *Beckles*, 2016 U.S. LEXIS 4142 Case No. 15-8544(June 27, 2016). The Sixth Circuit has also instructed that Guidelines *Johnson* cases should be stayed pending the Supreme Court's decision in *Beckles. In re: Embry*, ___ F.3d ___, 2016 U.S. App. LEXIS 13798 (6th Cir. July 29, 2016).

Accordingly, the stay of this case is continued in place pending decision of Beckles by the Supreme Court.

August 18, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

4