# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

            Plaintiff,   :   Case No. 1:04-cr-99

                    District Judge Susan J. Dlott
-  vs  -                  Magistrate Judge Michael R. Merz

WENDELL ROSS,

           Defendant.   :

## ORDER VACATING STAY; REPORT AND RECOMMENDATIONS

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court declared the residual clause of the Armed Career Criminal Act to be unconstitutionally vague.  With the assistance of appointed counsel, Defendant Wendell Ross filed this action under 28 U.S.C. § 2255, arguing *Johnson* applied to the analogous residual clause language in the Sentencing Guidelines under which he had received an enhanced sentence as a career offender (Motion, ECF No. 150).

Because this is Mr. Ross's third § 2255 motion, he required permission from the Sixth Circuit under 28 U.S.C. § 2244 to proceed.  He therefore sought and this Court granted a stay pending the circuit court's decision (Notation Order granting ECF No. 151).  The Sixth Circuit granted permission to proceed (ECF No. 153), but this Court continued the stay pending the outcome of *Beckles v. United States*,— U.S. —,2016 WL 1029080 (2016)(ECF No. 154); this

1

result was required by *In re: Embry*, 831 F.3d 377 (6th Cir. 2016).  The Supreme Court has now decided the *Beckles* case.  *Beckles v. United States*, 2017 U.S. LEXIS 1572 (March 6, 2017).  Accordingly, the stay of proceedings herein is VACATED.

Moreover, the Supreme Court decided *Beckles* in a way that is fatal to Mr. Ross's claim by deciding that "the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id*. at *11.

It is therefore respectfully recommended that Defendant's Third § 2255 Motion (ECF No. 150) be dismissed with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2255.

March 8, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).