# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

            Plaintiff,    :    Case No. 1:04-cr-99

                                            District Judge Susan J. Dlott
- vs -                            Magistrate Judge Michael R. Merz

WENDELL ROSS,

           Defendant.    :

## REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

This case is before the Court on remand from the Sixth Circuit Court of Appeals to determine whether to grant or deny a certificate of appealability. *Ross v. United States*, Case No. 17-3417 (6th Cir. May 24, 2017)(unreported; copy at ECF No. 163). Noting that no motion for a certificate had been filed in this Court, the Magistrate Judge ordered Defendant Ross to do so not later than June 15, 2017 (ECF No. 164). The time was extended to June 30, 2017, on Ross's Motion (ECF No. 165). As of the date of this Report, no motion has been filed and the time for doing so has expired.

This is a § 2255 proceeding, stayed because of the Sixth Circuit's decision that Guidelines cases raising issues under *Johnson v. United States*, 135 S. Ct. 2551 (2015), should be stayed pending the Supreme Court's decision in *Beckles v. United States*. *In re: Embry*, 831

1

F.3d 377 (6th Cir. 2016); *In re: Patrick*, 833 F.3d 584 (6th Cir. 2016). After the Supreme Court decided in *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017), that the Sentencing Guidelines were not subject to a vagueness challenge, the Magistrate Judge vacated the stay and recommended the § 2255 Motion "be dismissed with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2255." (ECF No. 155, PageID 1282.)

Ross filed no objections within the time allowed by Fed. R. Civ. P. 72 and District Judge Dlott adopted the Report and dismissed the § 2255 Motion as recommended (ECF No. 156). Ross appealed and the Sixth Circuit remanded for the sole purpose of having this Court determine whether to grant or deny a certificate of appealability. *Ross v. United States*, supra at PageID 1295.

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 197 L.Ed 2d 1 (2017).

> Moreover, the Supreme Court decided *Beckles* in a way that is fatal to Mr. Ross's claim by deciding that "the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness."

(Report, ECF No. 155, PageID 1282).

Because *Beckles* covers this case and the Supreme Court has not indicated any intention of backing away from that decision, reasonable jurists would not disagree with this Court's conclusion. Therefore Mr. Ross should be denied a certificate of appealability.

July 11, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).