# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 1:04-cr-99

                                                  District Judge Susan J. Dlott
- vs -                                      Magistrate Judge Michael R. Merz

WENDELL ROSS,

        Defendant.    :

## SUBSTITUTED REPORT AND RECOMMENDATIONS ON CERTIFICATE OF APPEALABILITY

This case is before the Court on remand from the Sixth Circuit Court of Appeals to determine whether to grant or deny a certificate of appealability. *Ross v. United States*, Case No. 17-3417 (6th Cir. May 24, 2017)(unreported; copy at ECF No. 163).  Noting that no motion for a certificate had been filed in this Court, the Magistrate Judge ordered Defendant Ross to do so not later than June 15, 2017 (ECF No. 164).  The time was extended to June 30, 2017, on Ross's Motion (ECF No. 165).

Ross' Memorandum in Support (ECF No. 168) was finally received by the Court on July 18, 2017.  Ross claims he deposited it in the prison mail box on June 29, 2017 (*Id.* at PageID 1310).  The Court is skeptical of the claim that it took nearly three weeks for the United States mail to reach Dayton, Ohio, from Ashland, Kentucky, and Ross has provided no corroboration of

1

the date of mailing. Nonetheless, the Magistrate Judge has withdrawn the prior Report and Recommendations which was premised on a lack of filing, and will consider the Memorandum.

This is a § 2255 proceeding, stayed because of the Sixth Circuit's decision that Guidelines cases raising issues under *Johnson v. United States*, 135 S. Ct. 2551 (2015), should be stayed pending the Supreme Court's decision in *Beckles v. United States*. *In re: Embry*, 831 F.3d 377 (6th Cir. 2016); *In re: Patrick*, 833 F.3d 584 (6th Cir. 2016). After the Supreme Court decided in *Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017), that the Sentencing Guidelines were not subject to a vagueness challenge, the Magistrate Judge vacated the stay and recommended the § 2255 Motion "be dismissed with prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. § 2255." (ECF No. 155, PageID 1282.)

Ross filed no objections within the time allowed by Fed. R. Civ. P. 72 and District Judge Dlott adopted the Report and dismissed the § 2255 Motion as recommended (ECF No. 156). Ross appealed and the Sixth Circuit remanded for the sole purpose of having this Court determine whether to grant or deny a certificate of appealability. *Ross v. United States*, supra at PageID 1295.

To obtain a certificate of appealability, a petitioner must show at least that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 197 L.Ed 2d 1 (2017).

Ross acknowledges the "reasonable jurist disagreement" standard (Memorandum, ECF No. 168, PageID 1303.)  However, he has not shown reasonable jurists would disagree with this Court's decision denying him relief on the basis of *Beckles, supra*.

Ross argues his prior conviction for escape should not have been counted toward the predicate offenses needed to classify him as a career offender because the escape was classified as a violent felony only by virtue of the residual clause of the Guidelines.  But, as noted in the Report and Recommendations on the merits, *Beckles* precludes use of the vagueness doctrine to disqualify a predicate offense under the Guidelines.

Ross next argues that the Supreme Court held in *Chambers v. United States,* 555 U.S. 122 (2009), that escape by failing to report is not a violent felony.  The time to have raised this objection would have been at sentencing, which was not done.  Nor was this issue raised on appeal.  Any claim that the career offender classification was in error because escape was not a violent felony was forfeited by failure to raise it at sentencing or on appeal.  Of course *Chambers* was not decided until several years after the sentence was imposed here.  Ross offers a convoluted theory that because *Johnson v. United States*, 135 S. Ct. 2551 (2015), was made retroactive, Chambers is also retroactively applicable on collateral review.  There is no authority for that proposition.

Ross argues that many courts have found that the mandatory pre-*Booker* Guidelines are sufficiently like statutes that they are subject to vagueness challenges. This judicial officer agrees with that analysis and has recommended several times that vagueness challenges to the pre-*Booker* Guidelines should be entertained.  But this is of no assistance to Ross who was sentenced after Booker with the Guidelines being purely advisory.  See Presentence Investigation Report, ¶ 14.

Finally, Ross argues that since he was sentenced after Booker but before Kimbrough v. United States, 552 U.S. 85 (2007), the Guidelines were effectively mandatory.  But this Court did not treat them as mandatory.  Rather, it imposed a sentence ten years below the Guideline range on suggestion of the Probation Department that he be given a variance.  Ross adverts to various uncited cases from other circuits which he claims support this analysis, but he provides no citation to these cases.

**Conclusion**

On the basis of the foregoing analysis, it is respectfully recommended that the motion for a certificate of appealability be DENIED.

July 21, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may

respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).